**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**NICHOLAS ATES, ET AL.**                                            **CIVIL ACTION**

**VERSUS**                                                                        **NO. 13-5732**

**TERREBONNE PARISH, ET AL.**                                  **SECTION:  "F"(1)**

**PARTIAL REPORT AND RECOMMENDATION**

Plaintiffs, Nicholas Ates, Todd Holmes, and Raphael Clark, filed this civil action pursuant to 42 U.S.C. § 1983.[1]  They sued St. Tammany Parish, the St. Tammany Parish Sheriff's Office, Sheriff Rodney "Jack" Strain, Jr., and other unidentified individuals.  In this lawsuit, plaintiffs challenge various conditions of their confinement within the St. Tammany Parish Jail.

St. Tammany Parish has filed a motion to dismiss.[2]  Plaintiffs were ordered to respond to that motion on or before November 20, 2013;[3] however, no response was filed.

It is clear that "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court."  Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks and ellipsis omitted).  Accordingly, Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for expeditious dismissal when a plaintiff fails to state a claim upon which relief can be granted.

---

[1] The complaint was also signed by Shambah M. Brown, John S. Williams, James L. Jenkins, Christopher Heil, David Williams, III, Dylan Duhon, Daryl L. Galliano, and Scott Mims.  However, those individuals are not considered to be plaintiffs herein, in that they neither paid the required filing fee nor were granted permission to proceed *in forma pauperis*.  Rec. Docs. 1 and 7.

[2] Rec. Doc. 24.

[3] Rec. Doc. 26.

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).  The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

St. Tammany Parish's motion to dismiss should be granted for at least two reasons.

First, plaintiffs have not alleged a proper Monell claim against the parish government in this case.  See Monell v. Department of Social Services, 436 U.S. 658 (1978).  In Monell, the United States Supreme Court held that, in some circumstances, local governing bodies can be held liable for civil rights violations pursuant to 42 U.S.C. § 1983.  The Supreme Court explained:

> Local governing bodies ... can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.  Moreover, although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 "person," by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels.

Id. at 690-91 (footnote omitted).

However, as the United States Fifth Circuit Court of Appeals has explained:

In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff *must initially allege that an official policy or custom was a cause in fact for the deprivation of the rights inflicted*. To satisfy the cause in fact requirement, a plaintiff *must allege that the custom or policy served as the moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of the official policy or custom*. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (emphasis added; quotation marks, brackets, and citations omitted). Moreover, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); McCloud v. Craig, Civ. Action No. 09-3287, 2009 WL 2515609, at *6 (E.D. La. Aug. 17, 2009). Rather, a plaintiff must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); McCloud, 2009 WL 2515609, at *6.

Here, plaintiffs do not allege that the purported violations were caused by a policy or custom of the St. Tammany Parish government, much less identify such a policy or custom. Therefore, they have failed to state a proper Monell claim.

Second, in any event, plaintiffs *could not* allege a valid Monell claim challenging the conditions of their confinement against St. Tammany Parish, because the parish government simply does not operate the St. Tammany Parish Jail. Pursuant to Louisiana law, the responsibility for a parish jail is divided between the local governing authority and the parish sheriff, with the parish

being responsible for financing and maintaining the jail, La.Rev.Stat.Ann. §§ 15:304,[4] 15:702,[5] and

33:4715,[6] while the sheriff is responsible for the actual day-to-day operation of the jail,

La.Rev.Stat.Ann. §§ 13:5539(C)[7] and 15:704.[8] See Wetzel v. Strain, Civ. Action No. 09-6353, 2010

WL 521008, at *2 (E.D. La. Feb. 9, 2010); Williamson v. Louisiana, Civ. Action No. 08-4598, 2008

WL 5082911, at *3 (E.D. La. Nov. 24, 2008); see also Fairley v. Stalder, 294 Fed. App'x 805, 812

(5th Cir. 2008); Bush v. LaFourche Parish Council, Civil Action No. 09-3436, 2012 WL 258591,

at *1-2 (E.D. La. Jan. 26, 2012). Therefore, the proper defendant for Monell claims concerning the

conditions of confinement at the St. Tammany Parish Jail is the St. Tammany Parish Sheriff in his

official capacity, *not* the parish government. Wetzel, 2010 WL 521008, at *2; Williamson, 2008

WL 5082911, at *3; see also Jones v. St. Tammany Parish Jail, 4 F.Supp.2d 606, 613-14 (E.D. La.

1998).

Accordingly, for these reasons, the unopposed motion to dismiss the claims against St.

Tammany Parish should be granted. Wetzel, 2010 WL 521008, at *2.

---

[4] La.Rev.Stat.Ann. § 15:304 provides in pertinent part: "All expenses incurred in the different parishes of the state or in the city of New Orleans by ... confinement ... of persons accused or convicted of crimes ... shall be paid by the respective parishes in which the offense charged may have been committed or by the city of New Orleans, as the case may be."

[5] La.Rev.Stat.Ann § 15:702 provides in pertinent part: "The governing authority of each parish shall be responsible for the physical maintenance of all parish jails and prisons."

[6] La.Rev.Stat.Ann. § 33:4715 provides in pertinent part: "The police jury of each parish shall provide ... a good and sufficient jail ...."

[7] La.Rev.Stat.Ann. § 13:5539(C) provides in pertinent part: "Each sheriff shall be keeper of the public jail of his parish ...."

[8] La.Rev.Stat.Ann. § 15:704 provides in pertinent part: "Each sheriff shall be the keeper of the public jail of his parish ...."

4

## RECOMMENDATION

It is therefore **RECOMMENDED** that the unopposed motion to dismiss filed by St. Tammany Parish be **GRANTED** and the federal civil rights claims against that defendant be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[9]

New Orleans, Louisiana, this fourth day of December, 2013.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[9] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.