UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NICHOLAS ATES, ET AL.                                  CIVIL ACTION

VERSUS                                                 NO. 13-5732

ST. TAMMANY PARISH, ET AL.                             SECTION: "F"(1)

### REPORT AND RECOMMENDATION

Plaintiffs, Nicholas Ates, Todd Holmes, and Raphael Clark, filed this civil action pursuant to 42 U.S.C. § 1983.[1]  They sued St. Tammany Parish, the St. Tammany Parish Sheriff's Office, Sheriff Rodney "Jack" Strain, Jr., and other unidentified individuals.  In this lawsuit, the plaintiffs challenged various conditions of their confinement within the St. Tammany Parish Jail.

On December 30, 2013, the claims against St. Tammany Parish were dismissed with prejudice.[2]  The St. Tammany Parish Sheriff's Office and Sheriff Strain have now filed a motion for summary judgment with respect to the claims against them.[3]  The plaintiffs were ordered to respond to that motion on or before March 19, 2014.[4]  To date, no response has been filed.

---

[1] The complaint was also signed by Shambah M. Brown, John S. Williams, James L. Jenkins, Christopher Heil, David Williams, III, Dylan Duhon, Daryl L. Galliano, and Scott Mims.  However, those individuals are not considered to be plaintiffs herein, in that they neither paid the required filing fee nor were granted permission to proceed *in forma pauperis*.  Rec. Docs. 1 and 7.

[2] Rec. Doc. 28.

[3] Rec. Doc. 30.

[4] Rec. Doc. 32.

In reviewing a motion for summary judgment, the Court may grant the motion when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

"Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). The Court has no duty to search the record for evidence to support a party's opposition to summary judgment; rather, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

In their motion, the St. Tammany Parish Sheriff's Office and Sheriff Strain argue that the claims against them must be dismissed because the plaintiffs failed to exhaust their administrative remedies prior to filing suit. For the following reasons, it is clear that the defendants are correct.[5]

The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).[6]

Federal courts have taken a strict approach to the exhaustion requirement. For example, the United States Supreme Court held that the exhaustion requirement is "mandatory," Porter v. Nussle, 534 U.S. 516, 524 (2002), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong," id. at 532. The Supreme Court further held that "an inmate must exhaust irrespective of the

---

[5] The defendants also alternatively argue that the claims against the St. Tammany Parish Sheriff's Office must be dismissed because that entity is not a proper defendant. That is also correct. In Louisiana, "a sheriff's office is not a legal entity capable of being sued...." Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 283 (5th Cir. 2002); see also Campbell v. St. Tammany Parish Sheriff's Office, Civ. Action No. 09-3143, 2009 WL 1107251, at *1 (E.D. La. Apr. 23, 2009); Wetzel v. St. Tammany Parish Jail, 610 F. Supp. 2d 545, 548 (E.D. La. 2009); Smith v. St. Tammany Parish Sheriff's Office, Civ. Action No. 07-3525, 2008 WL 347801, at *2 (E.D. La. Feb. 6, 2008); Causey v. Parish of Tangipahoa, 167 F. Supp. 2d 898, 904 (E.D. La. 2001); Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988). Accordingly, in addition to the reasons for dismissal discussed herein, that is a valid alternative basis for dismissing the claims against the St. Tammany Parish Sheriff's Office.

[6] "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h).

forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). The United States Fifth Circuit Court of Appeals therefore concluded that "[q]uibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in Booth." Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

The Fifth Circuit also recently emphatically held that the mandatory exhaustion requirement cannot be excused by a federal court. The Fifth Circuit stated:

> [T]here can be no doubt that pre-filing exhaustion of prison grievance processes is mandatory. We thus hold that Underwood [v. Wilson, 151 F.3d 292 (5th Cir. 1998),] has been tacitly overruled and is no longer good law to the extent it permits prisoner lawsuits challenging prison conditions to proceed in the absence of pre-filing administrative exhaustion. *District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint.* It is irrelevant whether exhaustion is achieved during the federal proceeding. *Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.*

Gonzalez v. Seal, 702 F.3d 785, 788 (5th Cir. 2012) (emphasis added; footnote omitted).

In support of their motion, the defendants have submitted the affidavit of Warden Gregory Longino, in which he outlined the Administrative Remedy Procedure put in place by the St. Tammany Parish Sheriff's Office ("STPSO"):

> 3. In 1996, the STPSO adopted an Administrative Remedy Procedure ("ARP") that permits inmates to lodge grievance complaints. The procedure allows any inmate – whether they are being held by federal or state agencies after conviction or are pre-trial detainees – to request in writing a review of a complaint the inmate has about a policy, condition or incident that occurs within the jail.
>
> 4. The Jail's ARP was in place and fully functioning in between January and August of 2013, when the incidents giving rise to this lawsuit allegedly occurred.

5.  A summary of the ARP is contained in the Inmate Handbook that is given to every inmate who is booked into the Jail. A true copy of that summary, as it appears in the handbook, is attached to this Affidavit.

6.  A copy of the complete ARP can also be found in the Jail law library, where access is available to all inmates and was available to all inmates in between January and August of 2013.

7.  The ARP, including the inmate complaint procedure, was posted in every housing unit of the jail in between January and August of 2013. Blank ARP forms were available in every housing unit and made easily accessible to all inmates.

8.  An inmate can also ask any Jail deputy for a copy of the blank forms.

9.  In lieu of the blank forms, inmates may submit a written communication containing the words "This is a grievance through the ARP."

10. Under the procedure, a grievance must be filed within 90 days from the date of the incident giving rise to the grievance. Any grievance filed more than 90 days after the incident is rejected as untimely.

11. The written grievance first is forwarded to the First Level Respondent, who must respond within 15 days of receipt of the grievance. This process is designated as the First Step Review.

12. If an inmate is not satisfied with the results of the First Step Review, the inmate may appeal the response to Affiant, in his role as Warden, within five days of the inmate's receipt of the First Step Review results. The Warden has 25 working days to reply to the appeal. This step is designated Second Step Review.

13. If an inmate is not satisfied with the results of the Second Step Review, the inmate may appeal that result to the Sheriff within five days of the inmate's receipt of the Warden's response. The Sheriff has 40 days to reply to this appeal, which is designated Third Step Review.

14. If an inmate does not receive a timely response to either of the first two steps of the process, the inmate nevertheless is required to follow through to the next step of the process.

15. Inmates Nicholas Ates, Raphael Clark, and Todd Holmes, the remaining plaintiffs in this lawsuit, failed to even initiate the ARP regarding the alleged

>      conditions of confinement giving rise to this lawsuit in that none of them ever even filed an initial grievance.
>
> 16.  In fact, none of the named inmates initiated the ARP procedure at all during their confinement at the Jail.
>
> 17.  As a result, Inmates Ates, Clark, and Holmes did not exhaust their administrative remedies as required by the Jail ARP concerning the claims that are the subject of this lawsuit prior to filing the lawsuit.[7]

The Court notes that the plaintiffs allege in their complaint that they filed First Step Grievances with respect to the various claims in this lawsuit.[8] That said, the parties' dispute on that point is immaterial, because even the plaintiffs acknowledge that they failed to fully exhaust their grievances, stating: "The Sheriff's Department does not respond to our grievances, rendering ARP Procedure pointless. Not one of us have ever had a grievance answered since January 2013."[9] However, even if that is true, it is of no moment. An inmate who fails to receive a timely response to his First Step Grievance must to proceed to Step Two of the ARP, as noted by Longino in his affidavit and as expressly stated on the ARP form itself.[10] Moreover, it is clear that there is no

---

[7]  Rec. Doc. 30-3, pp. 2-3.

[8]  Rec. Doc. 10, p. 7.

[9]  Rec. Doc. 10, p. 7.

[10]  Rec. Doc. 30-3, p. 6 ("If you do not hear from the 'First Respondent' within 20 days you may file a Request for a Warden's Review within the following 5 days."). It is irrelevant that the language on the form is phrased in discretionary rather than mandatory terms. Even if the plaintiffs were under the impression that seeking further review was *optional* and that inmates were not *required* to request such review if their grievances went unanswered, that would not excuse the federal exhaustion requirement which mandates exhaustion of *all* "available" administrative remedies. See Smith v. St. Tammany Parish Sheriff's Office, Civ. Action No. 07-3525, 2008 WL 3010038, at *3 n.11 (E.D. La. Aug. 1, 2008); Voyles v. Strain, Civ. Action No. 07-3090, 2008 WL 152111, at *4 n.12 (E.D. La. Jan. 14, 2008); Negron v. Perkins, Civ. Action No. 07-449, 2007 WL 3171542, at *2 n.6 (E.D. La. Oct. 25, 2007); Valentine v. Newton, No. 9:00-CV-1369, 2002 WL 31309181, at *3 (N.D.N.Y. Aug. 15, 2002) (Sharpe, M.J.) (adopted by Kahn, J., on Sept. 11, 2002).

futility exception to the mandatory exhaustion requirement. Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."); Bonner v. Williams, No. 02-41570, 2003 WL 21141142 (5th Cir. Apr. 23, 2003).

Because it is undisputed that the plaintiffs did not pursue any of their instant claims past the first step of the ARP, they clearly did not exhaust his administrative remedies. As the United States Fifth Circuit Court of Appeals has noted: "'Exhaust' is defined as 'to take complete advantage of (legal remedies).'" Underwood v. Wilson, 151 F.3d 292, 294 (5th Cir. 1998) (quoting Webster's New Int'l Dictionary 796 (3rd ed. 1981)). As a result, administrative remedies are not exhausted unless a prisoner pursued his grievance through the *conclusion* of a multi-step administrative remedy procedure. Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001); see also Hemphill v. Inglese, 359 Fed. App'x 537, 540 (5th Cir. 2010) ("[C]omplying with the first step of an administrative grievance procedure will not suffice to exhaust administrative remedies if the grievance procedure contemplates additional steps.").

This Court is aware that prisoners who submit administrative grievances at times have their efforts frustrated by unhelpful and unresponsive prison officials, although the Court expresses no opinion as to whether such a situation was present in this matter. Nevertheless, the fact remains that Congress has provided that exhaustion of such remedies is required. If the federal courts were to allow inmates to circumvent available administrative procedures by proceeding directly to federal court, the goals and benefits of the exhaustion requirement would be undermined. As the United States Supreme Court noted:

7

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might "filter out some frivolous claims." And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (citations omitted).

Because the plaintiffs failed to pursue their administrative remedies to their conclusion as required by federal law, thereby giving the defendants a fair opportunity to consider and possibly resolve the claims without litigation, it is not appropriate for this Court to consider those claims.[11] Therefore, the claims against the St. Tammany Parish Sheriff's Office and Sheriff Strain must be dismissed.[12]

Lastly, the Court notes that, on their complaint, the plaintiffs also listed as defendants "Others Both Known and Unknown to Plaintiffs."[13] In addition to the plaintiffs' failure to exhaust the claims against those unidentified individuals, the claims also fail for the reason that a § 1983 action must be filed against actual identified persons. Francis v. Terrebonne Parish Sheriff's Office,

---

[11]  Because the plaintiffs failed to exhaust their administrative remedies, the Court need not address the defendants' alternative argument that Sheriff Strain is protected by qualified immunity.

[12]  A dismissal for failure to exhaust is generally without prejudice; however, because any new grievance filed by plaintiffs would be time-barred under the STPSO administrative remedy procedure and their failure to exhaust therefore cannot be cured, dismissal with prejudice is appropriate in this case. See Marsh v. Jones, 53 F.3d 707, 710 (5th Cir. 1995) (dismissal with prejudice warranted when administrative relief is time-barred or otherwise precluded); Myrick v. Strain, Civ. Action No. 12-2962, 2013 WL 5232422, at *6 n.14 (E.D. La. Sept. 13, 2013).

[13]  Rec. Doc. 10, p. 1.

8

Civ. Action No. 08-4972, 2009 WL 4730707, at *3 (E.D. La. Dec. 9, 2009); August v. Gusman, Civ. Action No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008); Staritz v. Valdez, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); Banks v. United States, Civ. Action No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007); Vollmer v. Bowles, Civ. Action No. 3:96-CV-0081, 1997 WL 102476, at *2 (N.D. Tex. Feb. 28, 1997). Because the plaintiffs cannot pursue a lawsuit against unidentified individuals, the claims against "Others Both Known and Unknown to Plaintiffs" should be dismissed *sua sponte* as frivolous and for otherwise failing to state a claim upon which relief can be granted.[14]

---

[14] It is clear that the Court has the authority to dismiss those claims *sua sponte*. Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the unopposed motion for summary judgment filed by the St. Tammany Parish Sheriff's Office and Sheriff Rodney "Jack" Strain, Jr., be **GRANTED** and the federal civil rights claims against those defendants be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the plaintiffs' claims against the remaining unidentified defendants be **DISMISSED WITH PREJUDICE** as frivolous and for otherwise failing to state a claim upon which relief can be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[15]

New Orleans, Louisiana, this twenty-sixth day of March, 2014.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[15] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.